■ Cheryl Dick, Appellant, v The Gap, Inc., et al., Respondents. [792 NYS2d 194]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated October 30, 2003, as granted those branches of the motion of the defendants The Gap, Inc., McAlpin Associates, McAlpin Realty Development, and Grenadier Realty Corporation, and the separate motion of the defendant City of New York, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants established, as a matter of law, that the alleged defect in the public sidewalk was trivial and nonactionable and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567, 568 [2004]; *DiNapoli v Huntington Hosp.*, 303 AD2d 359, 360 [2003]; *Hymanson v A.L.L. Assoc.*, 300 AD2d 358 [2002]; *Riser v New York City Hous. Auth.*, 260 AD2d 564 [1999]). The plaintiff failed to raise a triable issue of fact. Although the plaintiff, in her deposition

testimony, described the alleged pavement defect as triangle-shaped and possibly two or three inches deep, photographs of the sidewalk, which she confirmed fairly and accurately represented the accident site, demonstrated that the alleged defect was visibly more shallow. Further, the plaintiff's testimony that, at the time of the incident, foot traffic was mild, it was neither raining nor snowing, and nothing obstructed her view, did not raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.