■ KALI TRAMPAKOULOUS, Respondent, v INDEPENDENT COACH BUS COMPANY, Appellant, et al., Defendant. [795 NYS2d 711]—

In an action to recover damages for personal injuries, the defendant Independent Coach Bus Company appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 19, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Independent Coach Bus Company, and the action against the remaining defendant is severed.

The plaintiff allegedly fell upon disembarking from a bus provided by the defendant Independent Coach Bus Company (hereinafter the appellant). She alleged that a height differential between the rim of a manhole cover and the surrounding asphalt caused her to fall.

In response to the appellant's demonstration of its entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, based on the plaintiff's description of the alleged height differential between the manhole cover and the surrounding asphalt, the surrounding circumstances, and scrutiny of the photographs depicting the alleged defect, we find as a matter of law that the alleged defect was too trivial to be actionable (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567, 568 [2004]; *Riser v New York Hous. Auth.*, 260 AD2d 564 [1999]). Moreover, the appellant met its duty of providing a safe place from which the plaintiff could disembark and leave the area (*see Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 109-111 [1987], *affd* 72 NY2d 888 [1988]; *cf. Miller v Fernan*, 73 NY2d 844, 846 [1988]). Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.