■ HELENE A. BEKRITSKY, Appellant, v TACS-4, INC., et al., Respondents. [815 NYS2d 587]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 22, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them and denied, as academic, the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she tripped and fell on a public sidewalk adjacent to premises known as 108 Cedarhurst Avenue, which were owned by the defendant TACS-4, Inc., and leased by the defendant Morton's Cedarhurst Corporation. A photograph authenticated by the plaintiff at her deposition showed that the alleged defect was a slight and gradual difference in height between two concrete slabs, approximately one-half inch at its highest point. The alleged defect was located in the middle of a wide and unobstructed sidewalk, and the accident occurred during daylight hours, on a sunny day, with neither snow nor moisture on the ground.

After considering the elevation and appearance of the defect, as well as the time, place, and circumstance of the injury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]), we find, as did the Supreme Court, that the defendants established their entitlement to judgment as a matter of law by demonstrating that the alleged defect did not, by reason of its location, adverse weather, or lighting conditions, or other relevant circumstances, have any of the characteristics of a trap or snare, and was too trivial to be actionable (*see Mendez v De Milo,* 17 AD3d 328 [2005]; *Kosarin v W & S Assoc.,* 6 AD3d 503 [2004]; *Morris v Greenburgh Cent. School Dist. No. 7,* 5 AD3d 567 [2004]; *Ress v Incorporated Vil. of Hempstead,* 276 AD2d 681 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Under these circumstances, the Supreme Court properly granted the defendants' motions for summary judgment and denied, as academic, the plaintiff's cross motion for summary judgment. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.