■ BARBARA JOSEPH et al., Appellants, v VILLAGES AT HUNTINGTON HOME OWNERS ASSOCIATION, INC., Defendant, and VILLAGES AT HUNTINGTON DEVELOPMENT CORP. et al., Respondents. [835 NYS2d 231]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 21, 2006, as granted the motion of the defendants the Villages at Huntington Development Corp. and Susan Barbash for summary judgment dismissing the complaint insofar as asserted against them and that branch of the cross motion of the defendant Lusa Concrete Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant Lusa Concrete Corp.

On the evening of September 4, 2001 the plaintiff Barbara Joseph (hereinafter the plaintiff) tripped and fell in the residential development where she resided as she attempted to traverse a curb cut leading from a roadway to the adjacent sidewalk. The plaintiff asserts that there was a height differential of 5/8 of an inch between the two surfaces, and contends that this height differential caused the accident.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]; *Neumann v Senior Citizens Ctr.*, 273 AD2d 452 [2000]). In this case, the defendants made a prima facie showing, through the plaintiff's testimony and the photographs identified by her as accurately depicting the condition of the curb cut at the time of the accident, that the alleged defect did not constitute a trap or nuisance and was merely a trivial defect which was not actionable as a matter of law (*see Hargrove v Baltic Estates*, 278 AD2d 278 [2000]). The evidence which the plaintiffs submitted in opposition to this showing failed to raise a triable issue of fact (*cf. Mansfield v Dolcemascolo*, 34 AD3d 763 [2006]). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.