■ BERNICE HAWKINS, Appellant, v CARTER COMMUNITY HOUSING DEVELOPMENT FUND CORPORATION, Respondent. [835 NYS2d 731]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated December 13, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered January 25, 2006, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured when she tripped and fell on a sidewalk in front of 112-25 167th Street in Queens, adjacent to the defendant's premises. Photographs provided by the plaintiff, which she authenticated at her deposition, showed that the alleged defect, a gap between two adjacent sidewalk slabs, was between $1^1/_4$ and $1^1/_2$ inches deep, and about one inch wide. The defect was located on a level and dry sidewalk that was maintained in good condition. The accident took place during daylight hours. Neither snow nor other moisture was on the ground.

After considering the width and depth of the defect, as well as the time, place, and circumstances of the injury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]), we find, as did the Supreme Court, that the defendant established its entitlement to judgment as a matter of law by demonstrating that the alleged defect did not, by reason of its location, adverse weather, lighting conditions, or other relevant circumstances, have any of the characteristics of a trap or snare, and was too trivial to be actionable (*see Bekritsky v TACS-4, Inc.*, 27 AD3d 680, 681 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Under these circumstances, the Supreme Court properly granted the defendant's motion for summary judgment (*see Bekritsky v TACS-4, Inc., supra*; *Mendez v De Milo*, 17 AD3d 328 [2005]; *Kosarin v W & S Assoc.*, 6 AD3d 503 [2004]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567 [2004]; *Ress v Incorporated Vil. of Hempstead*, 276 AD2d 681 [2000]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.