SUSAN M. SHILES et al., Appellants, v CARILLON NURSING AND REHABILITATION CENTER, LLC, et al., Respondents. [864 NYS2d 439]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated August 23, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established, as a matter of law, that the alleged defect in the sidewalk was trivial and nonactionable and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Hecht v City of New York,* 60 NY2d 57 [1983]; *Morris v Greenburgh Cent. School Dist. No. 7,* 5 AD3d 567 [2004]; *DiNapoli v Huntington Hosp.,* 303 AD2d 359 [2003]; *Hymanson v A.L.L. Assoc.,* 300 AD2d 358 [2002]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). Although the injured plaintiff, in her deposition testimony, described the alleged elevation differential as two inches, photographs of the sidewalk, which she confirmed fairly and accurately represented the accident site, indicate that the elevation differential was slight (*see Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d 812 [2007]; *Dick v Gap, Inc.,* 16 AD3d 615 [2005]). Further, the injured plaintiff's testimony established that the incident occurred during daylight hours on a clear day with nothing obstructing her view. After considering the height and width of the defect, as well as the time, place, and circumstances of the injury, the record supports a finding that the alleged defect did not have the characteristics of a trap or snare (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Carni, JJ., concur.