■ OLGA ROSELLO et al., Respondents, v CITY OF NEW YORK et al., Defendants, and KEYSPAN ENERGY N.Y.C. et al., Appellants. [883 NYS2d 531]—

In an action to recover damages for personal injuries, etc., the defendants Keyspan Energy N.Y.C. and Gaetano Fontana separately appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 7, 2008, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint insofar as asserted against the appellants are granted.

On January 4, 2002, at approximately 8:50 A.M., the plaintiff Olga Rosello (hereinafter the plaintiff) tripped and fell over a gas valve cap on the sidewalk of Fort Hamilton Parkway in Brooklyn, sustaining personal injuries. After the plaintiff and her husband, derivatively, commenced the present action, the defendant Keyspan Energy N.Y.C. (hereinafter Keyspan) moved for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Gaetano Fontana, the co-owner of an adjacent premises, moved for the same relief. The Supreme Court denied the motions. We reverse.

The appellants established their prima facie entitlement to judgment as a matter of law by showing that the alleged defect in the sidewalk was trivial, nonactionable, and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]). The photographs of the sidewalk which Keyspan submitted in support of its motion indicate that the elevation differential between the defect and the surrounding sidewalk was slight (*see Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812 [2007]). In addition, considering the depth of the defect and its width, as well as the time, place, and circumstances of the injury, the alleged defect did not have the characteristics of a trap or snare (*see Trincere v County of Suffolk*, 90 NY2d at 976). In opposition, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.