■ LINDA FISHER, Appellant, v JRMR REALTY CORP., Respondent, et al., Defendant. (And a Third-Party Action.) [880 NYS2d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated April 7, 2008, as granted that branch of the motion of the defendant JRMR Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell due to an uneven sidewalk abutting premises owned by the defendant JRMR Realty Corp. (hereinafter JRMR). There was a tree near the curb of the sidewalk, and the plaintiff fell in close proximity to the tree. The plaintiff stated at her deposition that she traversed this area on a regular basis and never noticed the uneven condition of the sidewalk before she fell. The plaintiff, who was looking straight ahead prior to the fall, only noticed the alleged uneven condition after she fell. JRMR moved for summary judgment, contending that the sidewalk defect was trivial and therefore not actionable. The Supreme Court granted the motion. We affirm the order insofar as appealed from.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Hawkins v Carter Community*

*Hous. Dev. Fund Corp.,* 40 AD3d 812 [2007]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect, along with the 'time, place, and circumstances' of the injury" (*Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997], quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]).

Here, based upon the photographs of the sidewalk, which the plaintiff confirmed fairly and accurately represented the accident site, and the plaintiff's description of the circumstances surrounding the accident, JRMR established, prima facie, that the alleged defect was trivial and therefore not actionable (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC,* 54 AD3d 746 [2008]; *Dick v Gap, Inc.,* 16 AD3d 615 [2005]). Rivera, J.P., Santucci, Chambers and Hall, JJ., concur. [*See* 2008 NY Slip Op 31058(U).]