■ JOAN COPLEY, Respondent, v TOWN OF RIVERHEAD, Appellant. [895 NYS2d 452]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 31, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly tripped and fell on an asphalt walkway as she was leaving a recreation center owned and operated by the defendant. The walkway was slightly raised above the adjacent unpaved ground. According to the plaintiff, the accident occurred when her left foot went off the edge of the walkway, causing her to lose her balance and fall. The plaintiff's deposition testimony indicates that the accident occurred during daylight hours on a clear day, that nothing obstructed her view of the walkway, and that it was dry and free of debris. After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that the height differential between the walkway and the adjacent unpaved ground constituted a trivial defect as a matter of law. The Supreme Court denied the defendant's motion, and we reverse.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *Ambroise v New York City Tr. Auth.*, 33

AD3d 573, 574 [2006]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see *Trincere v County of Suffolk*, 90 NY2d at 977; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Ambroise v New York City Tr. Auth.*, 33 AD3d at 574). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity, and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]; see *Fisher v JRMR Realty Corp.*, 63 AD3d at 678; *Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2007]).

Upon considering the appearance of the subject walkway, the extent of the height differential between the walkway and the adjacent unpaved ground, and the time, place, and circumstances of the accident, the defendant established its entitlement to judgment as a matter of law by demonstrating that the alleged defect did not, by reason of its location, the weather conditions, or other relevant circumstances, have any of the characteristics of a trap or snare, and was trivial as a matter of law and therefore not actionable (see *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *D'Arco v Pagano*, 21 AD3d 1050, 1051 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d at 813; *Bekritsky v TACS-4, Inc.*, 27 AD3d 680, 681 [2006]; *D'Arco v Pagano*, 21 AD3d at 1051). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.