■ Gilbert Aguayo, Respondent, v New York City Housing Authority, Appellant, et al., Defendant. [897 NYS2d 239]—

In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 31, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.

While attempting to step down from a lawn onto a parking lot on property owned by the defendant New York City Housing Authority (hereinafter the NYCHA), the plaintiff allegedly was injured when he tripped and fell over a crack in a concrete erosion guard. NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that the defect was trivial as a matter of law and therefore not actionable. The Supreme Court denied the motion. We reverse.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury' " (*Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa,* 193 AD2d 647, 647 [1993]; *see Copley v Town of Riverhead,* 70 AD3d 623 [2010]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Joseph v Villages at Huntington Home Owners Assn., Inc.,* 39 AD3d 481 [2007]; *Outlaw v Citibank, N.A.,* 35 AD3d 564 [2006]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d at 978, quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]). Here, upon reviewing photographs of the crack and considering all other relevant factors, NYCHA established, prima facie, that the alleged defect was not actionable as it was trivial and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Copley v Town of Riverhead,* 70 AD3d 623 [2010]; *Fisher v JRMR Realty Corp.,* 63 AD3d 677 [2009]; *Rosello v City of New York,* 62 AD3d 980 [2009]; *Pennella v 277 Bronx Riv. Rd. Owners,* 309 AD2d 793 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC,* 54 AD3d 746 [2008]; *Taussig v Luxury Cars of Smithtown, Inc.,* 31 AD3d 533 [2006]). Accordingly, the Supreme Court should have granted NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it (see *Copley v Town of Riverhead,* 70 AD3d 623 [2010]; *Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d 812 [2007]; *D'Arco v Pagano,* 21 AD3d 1050 [2005]). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.