■ DEBORAH LOSITO, Respondent, v JP MORGAN CHASE AND Co., Appellant. [899 NYS2d 375]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered November 9, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

On June 8, 2007, a clear, sunny day, the plaintiff was exiting the defendant's premises when she allegedly tripped and fell. The plaintiff attributed her fall to a crack on a concrete platform step. The defendant moved for summary judgment dismissing the complaint on the ground that, as a matter of law, the crack was a trivial defect. The Supreme Court denied the motion.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of*

*Suffolk,* 90 NY2d 976, 977 [1997]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance (*id.; see Ambroise v New York City Tr. Auth.,* 33 AD3d 573, 574 [2006]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place, and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d at 978, quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]). Here, the defendant established, prima facie, that the alleged defect in the step was trivial and nonactionable and did not possess the characteristics of a trap or nuisance (*see Fisher v JRMR Realty Corp.,* 63 AD3d 677, 678 [2009]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC,* 54 AD3d 746 [2008]). Although the plaintiff, in her deposition testimony, described the width of the crack as 1¹/₂ inches wide, photographs of the crack, which she confirmed fairly and accurately represented the accident site, indicate that the width was slight and that there was no elevation differential (*see Fisher v JRMR Realty Corp.,* 63 AD3d at 678; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC,* 54 AD3d at 746). Further, the plaintiff's deposition testimony established that the accident occurred during daylight hours on a clear day with nothing obstructing her view (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC,* 54 AD3d at 746; *Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d 812, 813 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d at 813; *Dick v Gap, Inc.,* 16 AD3d 615 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.