■ LENDELL RICHARDSON, Respondent, v JAL DIVERSIFIED MANAGEMENT, Appellant. [901 NYS2d 676]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 5, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff was walking along a brick-paved island in a parking lot managed by the defendant, when he tripped and fell over a metal strip separating the brick surface from the dirt surface of a tree well. The defendant moved for summary judgment dismissing the complaint upon the ground, inter alia, that the defect was trivial as a matter of law and therefore not actionable. The Supreme Court denied the motion. We reverse.

As a preliminary matter, we note that, under the circum-

stances of this case, the defendant demonstrated good cause for the delay in filing its motion for summary judgment, since the note of issue was filed while there was significant discovery outstanding (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 745 [2008]; *Sclafani v Washington Mut.*, 36 AD3d 682 [2007]).

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury' " (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]; *Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]). Here, reviewing photographs of the metal strip and considering all other relevant factors, we find that the defendant established, prima facie, that the alleged defect was not actionable as it was trivial and did not possess the characteristics of a trap or nuisance (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *Rosello v City of New York*, 62 AD3d 980 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.