■ ANNEMARIE MILEWSKI et al., Appellants, v WASHINGTON MUTUAL, INC., et al., Respondents, et al., Defendants. [931 NYS2d 336]—

On September 1, 2007, the plaintiff Annemarie Milewski (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell as the result of an alleged defect in the parking lot of a bank branch of the defendants Washington Mutual, Inc., and Washington Mutual Bank (hereinafter together the Bank defendants). The alleged defect consisted, according to the plaintiffs, of a height differential of between one and two inches between the asphalt surface of the parking lot and the concrete framing of a metal grate that straddled the parking lot and the public sidewalk adjoining the lot. There was no height differential between the concrete framing and the sidewalk, but the asphalt surface of the parking lot sloped downward, creating the differential just inside the lot. The injured plaintiff and her husband, suing derivatively, commenced this action against the Bank defendants and their landlord to recover damages for their injuries. The Bank defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they owed no duty to the injured plaintiff inasmuch as their lease with the property owner placed the obligation for structural repairs on the landlord and, in any event, that the alleged defect was trivial and therefore not actionable. The Supreme Court granted that branch of the Bank defendants' motion on the ground that the Bank defendants did not lease the parking lot from the landlord and were not in possession or control of the parking lot, and that they therefore owed no duty to the injured plaintiff. In light of this holding, the court declined to consider the Bank defendants' argument that the defect was trivial. We affirm, but on the ground not addressed by the Supreme Court.

The possessor of real property has a duty under the common law to keep that property reasonably safe (see *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 11 [2011]; cf. *Walsh v Super Value, Inc.*, 76

AD3d 371, 375 [2010]). While a landlord and tenant are free to agree with each other as to which party, as between them, will have the contractual obligation to make repairs, the tenant may not contract away a duty in tort that the law imposes on it with respect to third parties (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144 [2011]; *Elbadawi v Myrna & Mark Pizzeria, Inc.*, 70 AD3d 627, 627-628 [2010]; *Skerritt v Jarrett Constr. Co.*, 224 AD2d 299, 300 [1996]; *McNelis v Doubleday Sports*, 191 AD2d 619, 620 [1993]; *Chadis v Grand Union Co.*, 158 AD2d 443, 444 [1990]; *cf. Hoberman v Kids "R" Us*, 187 AD2d 187 [1993]). This duty does not depend on the classification of the defect as transient, structural, or nonstructural.

Here, contrary to the Supreme Court's determination, the Bank defendants leased not only the building, but the parking lot as well. Thus, the Bank defendants had possession and control over the parking lot, and they owed the injured plaintiff a duty to keep it reasonably safe (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 16-17 [2011]; *Chadis v Grand Union Co.*, 158 AD2d at 444-445).

In light of its holding that the Bank defendants did not owe the injured plaintiff a duty, the Supreme Court did not address the argument, now urged by the Bank defendants as an alternative ground for affirmance, that the alleged defect was trivial and therefore not actionable (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Jun Suk Seo v Walsh*, 82 AD3d 710 [2011]). Since that issue was argued before the Supreme Court, and has been briefed by the parties before us, we address it and find, as a matter of law, that the alleged defect was trivial and therefore not actionable.

Generally, whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury unless the defect is trivial as a matter of law (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *DeLaRosa v City of New York*, 61 AD3d 813 [2009]). Property owners (and tenants) may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *DeLaRosa v City of New York*, 61 AD3d at 813; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time,

place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]; *see Fontana v Winery*, 84 AD3d 863, 864-865 [2011]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Ricker v Board of Educ. of Town of Hyde Park*, 61 AD3d 735 [2009]). Here, the evidence that the Bank defendants submitted in support of their motion, including several photographs of the claimed defect, established prima facie that, as a matter of law, under all the circumstances, including the weather conditions on the day of the injured plaintiff's fall, her unobstructed view of the claimed defect, and the appearance and location of the height differential, the claimed defect was trivial and therefore not actionable (*see Fisher v JRMR Realty Corp.*, 63 AD3d at 678; *Rosello v City of New York*, 62 AD3d 980, 981 [2009]; *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]; *Hawkins v Carter Community Hous. Dev. Fund Corp.*, 40 AD3d 812, 813 [2007]; *Bekritsky v TACS-4, Inc.*, 27 AD3d 680, 681 [2006]; *D'Arco v Pagano*, 21 AD3d 1050, 1051 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Fisher v JRMR Realty Corp.*, 63 AD3d at 678; *Rosello v City of New York*, 62 AD3d at 981). Accordingly, the Bank defendants were entitled to summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.