JOHN SCHENPANSKI et al., Appellants, v PROMISE DELI, INC., et al., Respondents. [931 NYS2d 650]—

The injured plaintiff allegedly tripped and fell over a raised manhole cover in the parking lot of premises owned by the defendant Cliff Realty Corp. (hereinafter Cliff Realty), and leased to the defendant Promise Deli, Inc. (hereinafter Promise Deli). The Supreme Court granted the motion of Cliff Realty for summary judgment dismissing the complaint insofar as asserted against it and, upon searching the record, awarded summary judgment to Promise Deli, on the ground that the alleged defect was trivial and, thus, not actionable. We affirm.

Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Copley v Town of Riverhead,* 70 AD3d 623 [2010]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Richardson v JAL Diversified Mgt.,* 73 AD3d 1012 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.,* 39 AD3d 481 [2007]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997], quoting *Caldwell v Village of Is. Park,* 304 NY 268, 274 [1952]; *see Trampakoulous v Independent Coach Bus Co.,* 18 AD3d 739 [2005]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable"

(*Trincere v County of Suffolk*, 90 NY2d at 977). Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Fisher v JRMR Realty Corp.*, 63 AD3d 677 [2009]; *Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]; *Maiello v Eastchester Union Free School Dist.*, 8 AD3d 536 [2004]). Here, upon reviewing the photographs acknowledged by the injured plaintiff as accurately reflecting the condition of the manhole cover as it existed at the time of the accident, and considering all other relevant factors, Cliff Realty established, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Trampakoulous v Independent Coach Bus Co.*, 18 AD3d 739 [2005]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567 [2004]; *Cicero v Selden Assoc.*, 295 AD2d 391 [2002]; *Neumann v Senior Citizens Ctr.*, 273 AD2d 452 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Cliff Realty's motion. Further, the Supreme Court properly, in effect, searched the record and awarded summary judgment to Promise Deli dismissing the complaint insofar as asserted against it on the same ground (*see* CPLR 3212 [b]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30544(U).]**