■ LUZ ROGERS, Respondent, v 575 BROADWAY ASSOCIATES, L.P., et al., Appellants. [939 NYS2d 517]—

On January 30, 2006, the plaintiff exited a building located at

575 Broadway in Manhattan (hereinafter the premises) and, while walking on the Prince Street side of the premises, allegedly tripped and fell on an uneven sidewalk, sustaining injuries. Thereafter, the plaintiff commenced this action against the defendants, 575 Broadway Associates, L.P., 575 Broadway, LLC, and 575 Broadway Corporation. The defendant 575 Broadway, LLC, owns the premises. The defendant 575 Broadway Corporation is an owner of the defendant 575 Broadway Associates, L.P., which was the lessee and responsible for maintaining the premises, including the abutting sidewalks. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal, and we affirm.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993] [internal quotation marks omitted]; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Copley v Town of Riverhead*, 70 AD3d 623 [2010]). However, injuries resulting from trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip, are not actionable (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]; *Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]).

Here, the evidence submitted by the defendants, including deposition testimony and photographs, was insufficient to demonstrate, as a matter of law, that no defective condition existed on the sidewalk where the plaintiff allegedly tripped and fell, or that, if such a condition did exist, the defect was trivial and did not constitute a trap or nuisance, and therefore was not actionable (*see Perez v 655 Montauk, LLC*, 81 AD3d 619 [2011]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Hahn v Wilhelm*, 54 AD3d 896 [2008]; *Corrado v City of New York*, 6 AD3d 380 [2004]). Moreover, the defendants failed to demonstrate, as a matter of law, that they lacked constructive notice of the alleged defect (*see Bolloli v Waldbaum, Inc.*, 71 AD3d at 620). In light of the defendants' failure to meet their prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.