■ BERTA SCHILLER et al., Appellants, v ST. FRANCIS HOSPITAL, ROSLYN, NEW YORK, Also Known as ST. FRANCIS HOSPITAL, Respondent. [970 NYS2d 241]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered August 27, 2012, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered September 21, 2012, which, upon the order, in effect, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

At approximately noon on October 18, 2010, the injured plaintiff allegedly tripped and fell over a partially raised walkway flag located on the defendant's premises. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages, inter alia, for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion, concluding that the alleged defect was trivial and, thus, not actionable.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993] [internal quotation marks omitted]; *see Copley v Town of Riverhead*, 70 AD3d 623 [2010]). However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Zalkin v City of New York*, 36 AD3d 801 [2007]; *Hargrove v Baltic Estates*, 278 AD2d 278 [2000]). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 983 [2011], quoting *Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]). " '[T]here is no "minimal dimension test" or per se rule that a defect must be of a certain minimum height or depth in order to be actionable' (*Trincere v County of Suffolk*, 90 NY2d at 977). Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable' " (*Schenpanski v Promise Deli, Inc.*, 88 AD3d at 984; *see Aguayo v New York City Hous. Auth.*, 71 AD3d 926 [2010]; *Maiello v Eastchester Union Free School Dist.*, 8 AD3d 536 [2004]).

Here, upon reviewing the photographs submitted by the defendant in support of its motion, which were produced during discovery by the plaintiffs, who represented that they depicted the area where the accident occurred as it existed on the date of the accident, and considering all other relevant factors, such as the clear weather at the time of the accident and the lack of any

other foot traffic or other obstructions on the walkway at the time of the accident, we conclude that the defendant established, prima facie, that the alleged defect, which measured no more than one-half inch in height, was not actionable, as it was trivial as a matter of law (see *Schenpanski v Promise Deli, Inc.*, 88 AD3d at 984; *Aguayo v New York City Hous. Auth.*, 71 AD3d at 927; *Copley v Town of Riverhead*, 70 AD3d at 624; *Fisher v JRMR Realty Corp.*, 63 AD3d 677, 678 [2009]; *Morris v Greenburgh Cent. School Dist. No. 7*, 5 AD3d 567, 568 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (see *Shiles v Carillon Nursing & Rehabilitation Ctr., LLC*, 54 AD3d 746 [2008]).

The plaintiffs' contention that the defendant should be sanctioned for spoliation of evidence is improperly raised for the first time on appeal and therefore is not properly before this Court (see *Spitzer v Landau*, 104 AD3d 936, 937 [2013]; *Matter of Klass v City of New York*, 103 AD3d 800, 802 [2013]; *1812 Quentin Rd., LLC v 1812 Quentin Rd. Condominium Ltd.*, 94 AD3d 1070, 1072 [2012]).

In light of our determination, we need not reach the plaintiffs' remaining contention.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.