In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered April 6, 2012, which *719 granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
According to the plaintiff, on June 15, 2009, as she was walking to the restroom inside the defendant Broken Down Valise Pub, which was owned and operated by the defendant Highlander Group, LLC, her right foot “ca[ught] on something” and she fell, sustaining injuries. After the accident, the plaintiff observed a metal grate on the floor, which she testified was the cause of her fall. The plaintiff commenced this action to recover damages for personal injuries. Following service of an answer, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants’ motion.
“[Wjhether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury” (Aguayo v New York City Hous. Auth., 71 AD3d 926, 927 [2010] [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Copley v Town of Riverhead, 70 AD3d 623, 623 [2010]; Guerrieri v Summa, 193 AD2d 647, 647 [1993]). “However, a property owner may not be held liable in damages for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip” (Aguayo v New York City Hous. Auth., 71 AD3d at 927; see Joseph v Villages at Huntington Home Owners Assn., Inc., 39 AD3d 481, 482 [2007]; Outlaw v Citibank, N.A., 35 AD3d 564, 564 [2006]). “In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury” (Aguayo v New York City Hous. Auth., 71 AD3d at 927 [internal quotation marks omitted]; see Trincere v County of Suffolk, 90 NY2d at 978; Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]).
The photographs of the metal floor grate, deposition testimony, and other evidence submitted by the defendants established, prima facie, that the alleged defect was not actionable, as it was trivial and did not possess the characteristics of a trap or nuisance (see Trincere v County of Suffolk, 90 NY2d 976 [1997]; Schiller v St. Francis Hosp., Roslyn, N.Y., 108 AD3d 758, 759-760 [2013]; Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984 [2011]; Aguayo v New York City Hous. Auth., 71 AD3d at 927; Copley v Town of Riverhead, 70 AD3d at 624). In opposition, the plaintiff failed to raise a triable issue of fact. Accord *720 ingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.