In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated February 5, 2013, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On August 8, 2010, the plaintiff, while visiting the defendant’s home, allegedly was injured when she tripped and fell over a door saddle situated in a doorway between the dining room and the first floor hallway. According to the plaintiff, the accident occurred as she was walking from the dining room toward the hallway when the big toe of her left foot became caught on the left side of the door saddle, which was elevated, causing her to lose her balance and fall.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. After the plaintiff filed her note of issue, the defendant moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and, therefore, not actionable. In support of his motion, he relied upon, among other things, the plaintiffs deposition testimony and photographs, which the plaintiff testified accurately depicted the condition of the saddle at the time of the accident. Those photographs showed that the elevation of the left side of the saddle was less than one half of one inch. The Supreme Court granted the motion.
“[Wjhether a dangerous or defective condition exists on the property of another so as to create liability ‘depends on the peculiar facts and circumstances of each case’ and is generally a question of fact for the jury” (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997], quoting Guerrieri v Summa, 193 AD2d 647, 647 [1993]; see Copley v Town of Riverhead, 70 AD3d 623 [2010]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a person might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 3NY2d at 977; Schenpanski v Promise Deli, Inc., 88 AD3d 982, 983 [2011]; Richardson v JAL Diversified Mgt., 73 AD3d 1012, 1013 [2010]; Aguayo v New York City Hous. Auth., 71 AD3d 926, 927 [2010]; DeLaRosa v City of New York, 61 AD3d 813 [2009]; Zalkin v City of New York, 36 AD3d 801, 801 [2007]). “In determining whether a *778 defect is trivial, the court must examine all of the facts presented, including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury” (Schenpanski v Promise Deli, Inc., 88 AD3d at 983, quoting Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). “Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable” (Schenpanski v Promise Deli, Inc., 88 AD3d at 984; see Aguayo v New York City Hous. Auth., 71 AD3d at 927).
Here, the defendant established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the alleged defect, which did not have any characteristics of a trap or nuisance, was trivial and, therefore, not actionable (see Schenpanski v Promise Deli, Inc., 88 AD3d at 984; Aguayo v New York City Hous. Auth., 71 AD3d at 927; D’Arco v Pagano, 21 AD3d 1050, 1051 [2005]; Hargrove v Baltic Estates, 278 AD2d 278, 278 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (see Shiles v Carillon Nursing & Rehabilitation Ctr., LLC, 54 AD3d 746, 746 [2008]).
The plaintiffs remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint.
Rivera, J.R, Leventhal, Austin and Roman, JJ., concur.