■ MAUREEN ADLER, Respondent, v QPI-VIII, LLC, et al., Appellants. [2 NYS3d 162]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Butler, J.), entered February 14, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Generally, the issue of whether a dangerous or defective condition exists depends on the facts of each case, and is a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Martyniak v Charleston Enters., LLC*, 118 AD3d 679 [2014]; *Freas v Tilles Ctr.*, 89 AD3d 680, 681 [2011]). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Trincere v County of Suffolk*, 90 NY2d at 977; *Martyniak v Charleston Enters., LLC*, 118 AD3d at 679; *Aguayo v New York City Hous. Auth.*, 71 AD3d 926, 927 [2010]; *DeLaRosa v City of New York*, 61 AD3d 813 [2009]). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (*Trincere v County of Suffolk*, 90 NY2d at 977 [internal quotation marks omitted]; *see Martyniak v Charleston Enters., LLC*, 118 AD3d at 679). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978, quoting *Caldwell v Village of Is. Park*, 304 NY 268, 274 [1952]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2011]; *see Zelichenko v 301 Oriental Blvd., LLC*, 117 AD3d 1038, 1039 [2014], *lv granted* 24 NY3d 904 [2014]; *Aguayo v New York City Hous. Auth.*, 71 AD3d at 927; *Fisher v JRMR Realty Corp.*, 63 AD3d 677, 678 [2009]; *Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2006]; *Maiello v Eastchester Union Free School Dist.*, 8 AD3d 536, 536-537 [2004]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, as well as the photographs of the subject step, which the plaintiff admitted fairly and accurately depicted the step and the "clump" that allegedly caused her to trip and fall. The evidence, and in particular the photographs, established that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance, and, therefore, was not actionable (*see Zelichenko v 301 Oriental Blvd., LLC*, 117 AD3d at 1039; *Nunez v Morwood Dry Cleaners*, 116 AD3d 831, 832 [2014]; *Abalo v Santorelli*, 115

AD3d 777, 778 [2014]; *Nussbaum v Broken Down Valise Pub*, 115 AD3d 718, 719 [2014]; *Slattery v Sachem N. High Sch.*, 114 AD3d 927, 928 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Koznesoff v First Hous. Co., Inc.*, 74 AD3d 1027, 1028 [2010]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In view of the foregoing, we do not reach the parties' remaining contentions. Eng, P.J., Mastro, Roman and Miller, JJ., concur.