■ DOLORES SANTACRUZ, Respondent, v TACO BELL OF AMERICA, LLC, Appellant. [10 NYS3d 122]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered September 11, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

Generally, the issue of whether a condition is dangerous or defective depends on the facts of each case, and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Platkin v County of Nassau, 121 AD3d 879 [2014]; Martyniak v Charleston Enters., LLC, 118 AD3d 679 [2014]; Freas v Tilles Ctr., 89 AD3d 680 [2011]). However, property owners may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977; Platkin v County of Nassau, 121 AD3d at 879; Martyniak v Charleston Enters., LLC, 118 AD3d at 679; Aguayo v New York City Hous. Auth., 71 AD3d 926, 927 [2010]). There is no "minimal dimension test or per se rule" that the condition must be of a certain height or depth to be actionable (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]; see Martyniak v Charleston Enters., LLC, 118 AD3d at 679). In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury" (Trincere v County of Suffolk, 90 NY2d at 978, quoting Caldwell v Village of Is. Park, 304 NY 268, 274 [1952]; see Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765 [2011]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984 [2011]; see Adler v QPI-VIII, LLC, 124 AD3d 567 [2015], lv granted 25 NY3d 903 [2015]; Zelichenko v 301 Oriental Blvd., LLC, 117 AD3d 1038, 1039 [2014], lv granted 24 NY3d 904 [2014]; Aguayo v New York City Hous. Auth., 71 AD3d at 927).

Here, the defendant established its entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff's deposition testimony, as well as photographs of the

alleged defect, which the plaintiff admitted fairly and accurately depicted the alleged defect that allegedly caused her to trip and fall. Upon applying all of the relevant factors, we conclude that the evidence submitted by the defendant, in particular the aforementioned photographs, established that the alleged defect was trivial as a matter of law and did not possess the characteristics of a trap or nuisance and, therefore, was not actionable (*see Schiller v St. Francis Hosp., Roslyn, N.Y.*, 108 AD3d 758 [2013]; *Grosskopf v 8320 Parkway Towers Corp.*, 88 AD3d at 765; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.