Brown v Villarba (2024 NY Slip Op 00609)

Brown v Villarba

2024 NY Slip Op 00609

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-10029
 (Index No. 500588/16)

[*1]Christine Brown, appellant, 
v
Emily Villarba, et al., respondents, et al., defendant.

Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for appellant.
Gilbert, McGinnis & Liferiedge, White Plains, NY (Laura R. Efrati of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated October 12, 2022. The order granted the motion of the defendants Emily Villarba and Mario Bravo for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Emily Villarba and Mario Bravo (hereinafter together the defendants), among others, to recover damages for personal injuries that she allegedly sustained when she fell due to a gap between two sidewalk slabs abutting property owned by the defendants. In an order dated October 12, 2022, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
Generally, the issue of whether a dangerous or defective condition exists on the property of another depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977; Santacruz v Taco Bell of Am., LLC, 128 AD3d 793). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d at 977; Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79).
In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation [*2]marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934).
Here, in support of their motion, the defendants submitted, inter alia, the transcripts of the plaintiff's testimony from a hearing pursuant to General Municipal Law § 50-h and her deposition testimony as well as a photograph of the allegedly defective sidewalk. The evidence established, prima facie, that the gap between the two flush sidewalk slabs was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704; Hawkins v Carter Community Hous. Dev. Fund Corp., 40 AD3d 812, 813). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, the parties' remaining contentions are academic.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court