■ ANN BALDASANO et al., Appellants, v LONG ISLAND UNIVERSITY et al., Respondents. [40 NYS3d 175]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), entered June 18, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 21, 2008, the plaintiff Ann Baldasano (hereinafter the injured plaintiff) allegedly tripped and fell due to a height differential between two concrete slabs on a sidewalk on the defendants' premises. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the alleged defect at issue was trivial and not actionable, and that the injured plaintiff did not know what had caused her to fall. The Supreme Court granted the motion.

In a trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see *Davis v Sutton*, 136 AD3d 731, 732 [2016]; *Gotay v New York City Hous. Auth.*, 127 AD3d 693, 694 [2015]; *Buglione v Spagnoletti*, 123 AD3d 867 [2014]). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see *Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]; *Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]). Here, viewing the evidence in the light most favorable to the plaintiffs as the nonmovants, the defendants failed to establish, prima facie, that the injured plaintiff did not know what had caused her to fall. In support of their motion, the defendants submitted a transcript of the injured plaintiff's deposition, at which she clearly identified the raised condition of the sidewalk as the alleged cause of her fall (see *Davis v Sut-*

*ton*, 136 AD3d at 732; *Gotay v New York City Hous. Auth.*, 127 AD3d at 694-695; *Lamour v Decimus*, 118 AD3d 851, 851-852 [2014]; *Jackson v Fenton*, 38 AD3d 495, 495-496 [2007]).

However, the defendants established, prima facie, that the alleged defect that caused the injured plaintiff to fall was trivial and therefore not actionable. In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997] [internal quotation marks omitted]; *see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77-79 [2015]). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d at 977; *see Green v New York City Hous. Auth.*, 137 AD3d 748, 749 [2016]; *Mazza v Our Lady of Perpetual Help R.C. Church*, 134 AD3d 1073 [2015]; *Grundstrom v Papadopoulos*, 117 AD3d 788 [2014]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*Schenpanski v Promise Deli, Inc.*, 88 AD3d 982, 984 [2011]).

Here, although the evidence submitted by the defendants did not provide the actual height or extent of the alleged elevation, they did submit photographs of the alleged sidewalk defect, which the parties agreed accurately depicted the sidewalk as it existed at the time of the accident. Considering these photographs, along with the injured plaintiff's description of the time, place, and circumstance of the injury, the defendants established, prima facie, that the alleged defect was trivial as a matter of law, and therefore, not actionable (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d at 83; *Schenpanski v Promise Deli, Inc.*, 88 AD3d at 984; *Outlaw v Citibank, N.A.*, 35 AD3d 564, 565 [2006]; *Julian v Sementelli*, 234 AD2d 866, 867 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.