Boesch v Comsewogue Sch. Dist. (2021 NY Slip Op 04007)





Boesch v Comsewogue Sch. Dist.


2021 NY Slip Op 04007


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-12675
 (Index No. 602323/17)

[*1]Joan K. Boesch, respondent, 
v
Comsewogue School District, appellant.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for appellant.
Schwartzapfel Lawyers, PC, Garden City, NY (David N. Sloan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated October 10, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In February 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries she alleged that she sustained in November 2016 when she tripped and fell on an uneven sidewalk abutting the defendant's school building in Suffolk County. According to the plaintiff, at the time she stubbed her toe on the "little lip" in the sidewalk and fell to the ground, it was a clear day, she was looking straight ahead, and no one was walking near her. The defendant moved for summary judgment dismissing the complaint, contending that, even assuming that the lip in the sidewalk consisted of a one-inch height differential, the alleged defect—the uneven sidewalk—was trivial, and thus, not actionable as a matter of law. The Supreme Court denied the motion. The defendant appeals. We reverse.
A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]; see Losito v JP Morgan Chase & Co., 72 AD3d 1033, 1034). There is no "minimal dimension test" or "per se rule" that the condition must [*2]be of a certain height or depth in order to be actionable (Trincere v County of Suffolk, 90 NY2d at 977 [internal quotation marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934).
Here, in support of its motion, the defendant submitted, inter alia, the transcripts of the plaintiff's testimony from a hearing pursuant to General Municipal Law § 50-h and her deposition testimony as well as photographs of the alleged defective sidewalk, which established, prima facie, that the height differential between the two slabs of abutting concrete that constituted the sidewalk was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Melia v 50 Ct. St. Assoc., 153 AD3d at 704).
In opposition, the plaintiff failed to raise a triable issue of fact. Given the characteristics of the defect and the surrounding circumstances, the alleged defective condition is trivial as a matter of law (see Melia v 50 Ct. St. Assoc., 153 AD3d at 704; see also Baldasano v Long Is. Univ., 143 AD3d at 934).
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court