Balbo v Greenfield's Mkt. of Bethpage, LLC (2023 NY Slip Op 02860)

Balbo v Greenfield's Mkt. of Bethpage, LLC

2023 NY Slip Op 02860

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-05349
 (Index No. 615590/18)

[*1]Pamela Balbo, et al., appellants,
v
Greenfield's Market of Bethpage, LLC, etc., et al., respondents. Jeffrey E. Litman, Woodbury, NY, for appellants.

Martyn, Martyn, Smith, Murray & Yong, Hauppauge, NY (Christine J. Hill of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated June 16, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 19, 2017, the plaintiff Pamela Balbo (hereinafter the injured plaintiff) allegedly fell due to a defective curb within the exterior grounds of a supermarket in Bethpage, sustaining injuries. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, Greenfield's Market of Bethpage, LLC, which operates the supermarket, and Manarco Realty Co., LLC, which owns the premises. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint, contending that the alleged defect was trivial and not actionable. The Supreme Court granted the motion, and the plaintiffs appeal.
"Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury" (Losito v JP Morgan Chase & Co., 72 AD3d 1033, 1033). However, "[i]njuries resulting from trivial defects are generally not actionable" (Reich v Alexander's, Inc., 182 AD3d 615, 616). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [internal quotation marks omitted]; see Losito v JP Morgan Chase & Co., 72 AD3d at 1034). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934).
Here, in support of the motion, the defendants submitted, among other things, the injured plaintiff's deposition testimony. At her deposition, the injured plaintiff testified that as she stepped onto the curb abutting the supermarket with her right foot, the toe of her right foot got caught in a broken part of the curb, causing her to fall forward. She had previously visited the supermarket many times. At the time of the accident, the weather was clear, dry, and sunny, with the sun at her back. As she walked from her car toward the curb, the injured plaintiff looked straight ahead, and nothing obstructed her view or diverted her attention, including vehicles, pedestrians, or signs. The defendants also submitted several photographs of the alleged defect. Under all the circumstances, particularly the photographs and the plaintiff's description of the time, place, and circumstance of the injury, the defendants established, prima facie, that the alleged defect was trivial as a matter of law and, therefore, not actionable (see Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896; Dery v K Mart Corp., 84 AD3d 1303, 1304). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court