Haber v CVS Pharmacy, Inc. (2023 NY Slip Op 03002)

Haber v CVS Pharmacy, Inc.

2023 NY Slip Op 03002

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2020-07991
 (Index No. 614519/18)

[*1]Marcia Haber, appellant, 
v
CVS Pharmacy, Inc., et al., respondents.

Isaacson, Schiowitz & Korson, LLP, Rockville Centre, NY (Jeremy Schiowitz of counsel), for appellant.
Cullen and Dykman LLP, Garden City, NY (Nicholas M. Cardascia of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered October 7, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on March 30, 2018, when she tripped and fell due to a height differential between a curb and a sidewalk within the defendants' premises. The defendants moved for summary judgment dismissing the complaint, contending that the condition at issue was trivial and not actionable. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896). "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (id. at 977 [internal quotation marks omitted]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984; see Baldasano v Long Is. Univ., 143 AD3d 933, 934).
Here, in support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and photographs of the accident site, which established, prima facie, that [*2]the height differential between the sidewalk and the curb was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Boesch v Comsewogue Sch. Dist., 195 AD3d at 896; Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783; Joseph v Villages at Huntington Home Owners Assn., Inc., 39 AD3d 481, 482). The difference in height between the two surfaces was less than one inch, the incident occurred in the daytime hours under clear conditions, and there were no crowds that obscured the plaintiff's view of the sidewalk as she traversed it. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court