| |
|---|
| **Rosa v 4114 Realty Group LLC** |
| 2024 NY Slip Op 31991(U) |
| June 5, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 519672/2020 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73

-----------------------------------------------------------------X

MONICA ROSA,

                                                    Plaintiff,

                        -against-

4114 REALTY GROUP LLC and K&B BEAUTY,

                                                    Defendants.

-----------------------------------------------------------------X

Index No.: 519672/2020
Motion Date: 4-15-24
Mot. Seq. No.: 4, 5

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 46-98, 101-114, were read on these motions:

In this action to recover damages for personal injuries, in motion sequence # 4, defendant K&B BEAUTY SUPPLY AND DISCOUNT ("K&B") moves for an order pursuant to CPLR 3212(a) granting summary judgment and dismissing Plaintiff's Complaint in its entirety and all cross-claims of co-defendant, 4114 REALTY GROUP LLC ("4114 Realty"). In motion sequence # 5, 4114 Realty moves for an Order, pursuant to CPLR §3212 and §3211: (1) Granting summary judgment on its cross-claim for contractual indemnification against defendant K&B; (2) Dismissing the plaintiff's complaint only against 4114 Realt, and (3) For such other and further relief as the Court deems just, proper, and equitable.

This action arises out of a trip and fall accident that occurred on June 12, 2020, on a brick walkway that was part of the public sidewalk in front of the premises 4114 Avenue D, Brooklyn, New York. The plaintiff claims that she was caused to fall to the ground when her left foot came into contact with a raised brick. Defendant, 4114 Realty is the owner of premises located at 4114 Avenue D and defendant K&B was the ground-floor commercial tenant of the premises pursuant to a written Lease entered into with 4114 Realty.

The Lease agreement between the defendants specifically states as follows:

> 60. REPAIRS. Tenant shall make all repairs to the sidewalk and the demised premises and where an item is beyond repair, the Tenant shall replace the same with material, equipment, and labor of first-class quality, but Tenant shall not be required to perform structural repairs unless such structural repairs are necessitated by

1



the acts or omissions of the tenant, its agents, employees or invitees.

The lease also contained the following indemnification provision:

45(B) Tenant shall indemnify and save Landlord harmless from and against...(ii) all claims against Landlord arising from any accident, injury, or damage occurring outside of the demised premises, but within or about the lands and buildings where the accident, injury or damage result or is claimed to have resulted from an act or omission of Tenant...This indemnity and hold harmless covenant shall include indemnity from and against any and all...suits...costs and expenses (including attorneys' fees and disbursements) of any kind or nature incurred....

The Lease also required the tenant to procure insurance for the landlord. Paragraph 42 provides:

INSURANCE (A) Tenant shall procure and maintain liability or other casualty insurance as may be required under the terms of this lease...(B)(1) Tenant shall, at its sole cost and expense procure and maintain throughout the term of this lease a comprehensive general liability policy of insurance insuring Tenant and Landlord against any and all risks and/or liability for property damage and bodily injury....

At her deposition, the plaintiff testified as follows:

Q . Miss Rosa, do you know why your left foot came into contact with the brick?

A. No.

Q . What is your answer?

A. No.

Q . Can you describe the brick that your left foot came in contact with?

A. It was raised. It was raised.

Q. How high was it raised?

A. It was loose. I didn't see it; I just fell.

2

[* 2]

Q . How do you know it was loose?

A. Because when I went back, I saw what happened.

Q . Okay. When you went back -- I think you said a month later?

A. No -- well, I think it was a month because I was sick -- I was in bed with a broken arm.

Q . But when you went back, ma'am, a month later you saw the specific brick?

A. Yes, where I fell.

Q . And did you touch it?

A. No.

Q . So how do you know it was loose?

A. It was raised.

Q . OK it wasn't loose, it was raised?

A. It was raised.

Q . How high was it raised?

A. It was away from the other bricks.

Q . But do you know approximately how high in measurements, how high it was raised?

A. No.

Q . You didn't measure it, correct?

A. No.

At her deposition, the plaintiff circled the brick that she claims caused her accident (see NYSCEF # 71). Plaintiff testified that the weather was "good" and "sunny" at the time of the accident and that it was not raining. When asked if there was there anything obstructing her view of the ground just prior to the accident, her answer was "I don't recall."

3

[* 3]

K&B contends that it is entitled to summary judgment because plaintiff's accident arose out of a structural defect of the public sidewalk, and under the lease, it was not obligated to make structural repairs to the sidewalk. 4114 Realty contends that it is entitled to summary judgment because plaintiff's claim is based on speculation. 4114 Realty maintains that plaintiff's testimony establishes that her claim that a certain brick caused her to stub her foot, was based solely on her observing the alleged brick for the first time one (1) month after her accident when she had to return to the accident location because she did not know what caused her to fall. 4114 Realty also contends that the alleged defect was trivial in nature and did not have the characteristics of a trap or nuisance. Finally, 4114 Realty contends that it is entitled to summary judgment against K&B on its claim for contractual indemnification pursuant to paragraph 45B of the lease.

**Discussion:**

The court will first address 4114 Realty's motion. A property owner "may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (*Haber v. CVS Pharmacy, Inc.*, 217 A.D.3d 659, 659, 190 N.Y.S.3d 148; *see Acevedo v. City of Yonkers*, 185 A.D.3d 762, 763, 125 N.Y.S.3d 302). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury'" (*Deviva v. Bourbon St. Fine Foods & Spirit*, 116 A.D.3d 654, 655, 983 N.Y.S.2d 295, quoting *Trincere v. County of Suffolk*, 90 N.Y.2d 976, 978, 665 N.Y.S.2d 615, 688 N.E.2d 489). "[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v. County of Suffolk*, 90 N.Y.2d at 977, 665 N.Y.S.2d 615, 688 N.E.2d 489; *see Maldonado v. 2121 Shore Condominium*, 138 A.D.3d 789, 790, 30 N.Y.S.3d 185).

Here, the photograph that plaintiff claims depicts the condition that caused her accident (NYSCEF # 71) established that the alleged defect in the sidewalk was physically insignificant. The accident occurred on a sunny day, and there is no evidence that anything was obstructing plaintiff's view of the ground just prior to the accident. This evidence thus demonstrated, prima facie, that the alleged defect was trivial as a matter of law, and therefore, was not actionable (*see*

4

[* 4]

*Haber v. CVS Pharmacy, Inc.*, 217 A.D.3d at 660, 190 N.Y.S.3d 148; *Balbo v. Greenfield's Mkt. of Bethpage, LLC*, 216 A.D.3d 1130, 1131, 190 N.Y.S.3d 146). In opposition, the plaintiff failed to raise a triable issue of fact. Plaintiff's complaint is therefore dismissed in its entirety. In light of this determination, K&B's motion for summary judgment is denied as moot, and the issue of whether the alleged defect was structural in nature need not be addressed.

The branch of 4114 Realty's motion for summary judgment against K&B for contractual indemnification pursuant to paragraph 45B of the lease is _denied_. K&B's obligation to indemnify 4114 Realty pursuant to this provision it's triggered only upon a finding that K&B was negligent. Inasmuch as the defect at issue is not actionable, K&B cannot be found negligent.

For all of the above reasons, it is hereby

**ORDERED** that the 4114 Realty's motion is decided as indicated above and plaintiff's complaint is **DISMISSED** in its entirety. K&B's motion is denied as moot.

This constitutes the decision and order of the Court.

Dated: June 5, 2024

PPS

_____

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

5