Clarke v 90 S. Park Owners, Inc. (2024 NY Slip Op 03162)

Clarke v 90 S. Park Owners, Inc.

2024 NY Slip Op 03162

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04738
 (Index No. 606940/17)

[*1]Joan Clarke, appellant, 
v
90 South Park Owners, Inc., respondent, et al., defendant.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville, NY (Michael E. Bergman, Julie T. Mark, and Clifford D. Gabel of counsel), for appellant.
Clausen Miller, P.C., New York, NY (Djordje Caran, Melinda S. Kollross, pro hac vice, and William W. Leathem, pro hac vice, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered May 19, 2022. The order granted the motion of the defendant 90 South Park Owners, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant 90 South Park Owners, Inc. (hereinafter the defendant), and another defendant, to recover damages for personal injuries she alleged she sustained in September 2016 when she tripped and fell on an uneven sidewalk abutting an apartment building owned by the defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. By order entered May 19, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury'" (Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1130-1131, quoting Losito v JP Morgan Chase & Co., 72 AD3d 1033, 1033). However, "[a] property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Haber v CVS Pharmacy, Inc., 217 AD3d 659, 659; see Trincere v County of Suffolk, 90 NY2d 976, 977). "'A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 659, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 660, quoting Trincere v County of Suffolk, 90 NY2d at 978). "There is no 'minimal dimension test' or 'per se rule' that the condition must be of a certain height or depth in order to be actionable" (Haber v CVS Pharmacy, Inc., 217 AD3d at 660, quoting Trincere v County of Suffolk, [*2]90 NY2d at 977). "'Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 660, quoting Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the defendant submitted, among other things, a transcript of the deposition testimony of the plaintiff and photographs of the sidewalk where the plaintiff fell, including a photograph with measurements of the sidewalk elevation. The defendant established, prima facie, that the height differential between the two sidewalk slabs where the plaintiff fell was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80; Melia v 50 Ct. St. Assoc., 153 AD3d 703). The plaintiff testified at her deposition that she had walked on that sidewalk many times in the past, she had never tripped or fallen on the sidewalk before, she did not notice the elevation in the sidewalk, nothing obstructed her view of the sidewalk, and the lighting conditions allowed her to see the sidewalk without any difficulty.
In opposition, the plaintiff failed to raise a triable issue of fact. Given the characteristics of the defect and the surrounding circumstances, the alleged defect is trivial as a matter of law (see Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d at 1131; Boesch v Comsewogue Sch. Dist., 195 AD3d 895).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court