Rosario v Wyckoff Supermarket Assn., Inc. (2024 NY Slip Op 50873(U))

[*1]

Rosario v Wyckoff Supermarket Assn., Inc.

2024 NY Slip Op 50873(U)

Decided on July 10, 2024

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2024
Supreme Court, Kings County

Wellington Reynoso Rosario, Plaintiff,

against
Wyckoff Supermarket Association, Inc., 452 Wyckoff Holdings, LLC., Bogopa, Inc. d/b/a/ Food Bizarre, City of New York, New York City Department of Transportation, New York City Department of Parks and Recreation and New York City Department of Environmental Protection, Defendants.
Wyckoff Supermarket Association, Inc., 452 Wyckoff Holdings, LLC., Bogopa, Inc. d/b/a/ Food Bizarre, Third-Party Plaintiffs,
against
Karen Avanesov, D.O., Brooklyn Medical Practice P.C. and Total Ortho Management Services, LLC d/b/a Total Orthopedics and Sports Medicine, Third-Party Defendants.

Index No. 516555/2019

For Plaintiff Wellington Reynoso Rosario: 
Melissa Nicole Magill of Eleftarakis, Eleftarakis and Panek, 80 Pine Street Fl. 38, New York, NY 10005, 212-532-1116 mmagill@elefterakislaw.com
For Wyckoff Defendants: 
Daniel Anthony Johnston of the Bell Law Group PLLC, 116 Jackson Avenue, Syosset, NY 11791, 516-280-3008, dj@bellLG.com

Patria Frias-Colón, J.

Recitation per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
Papers NYSCEF Document Numbers
Wyckoff Defendants 126-138, 153-154
Plaintiff 149-152
Upon the foregoing cited papers and after oral argument on March 20, 2024, pursuant to CPLR § 3212, Defendants Wyckoff Supermarket Association, Inc., 452 Wyckoff Holdings, LLC., and Bogopa, Inc. d/b/a/ Food Bizarre's (collectively "Wyckoff Defendants") Motion for Summary Judgment dismissing the Plaintiff's complaint is GRANTED.
The moving party on a motion for summary judgement has the burden to establish "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." Voss v. Netherlands Ins. Co., 22 NY3d 728 (2014) (citing Alvarez v Prospect Hosp., 68 N.Y.2.d 320 [1986]). If a moving party fails to meet their burden, summary judgment must be denied "regardless of the sufficiency of the opposing papers." Id. (citing Vega v. Restani Constr. Corp., 18 NY3d 499 [2012]). "A motion for summary judgment is a drastic remedy that should be granted only where there is no clear triable issue of fact presented." Marino v. Jamison, 189 AD3d 1021 (2d Dept. 2020).
Whether a sidewalk defect is sufficient to substantiate a claim of liability for damages caused by a defect, the New York Court of Appeals has held that "the test established by the case law in New York is not whether a defect is capable of catching a pedestrian's shoe. Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances." Hutchinson v. Sheridan Hill House Corp., 26 NY3d 66, 80, 19 N.Y.S.3d 802, 811, 41 N.E.3d 766, 775 (2015). "A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that, under the circumstances, the defect is physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses." Id. at 79. "Photographs that are acknowledged to 'fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable.'" Id. at 83 (citing Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984 [2d Dept 2011]).
Precise measurements and dimensions are not a prerequisite to a Defendant's prima facie showing where pictures are proffered and "the parties agreed accurately depicted the sidewalk as it existed at the time of the accident," and such pictures are offered "along with the injured plaintiff's description of the time, place, and circumstance of the injury." Baldasano v. Long Island Univ., 143 AD3d 933, 934 2nd Dept. (2016) ("although the evidence submitted by the defendants did not provide the actual height or extent of the alleged elevation, they did submit photographs of the alleged sidewalk defect, which the parties agreed accurately depicted the sidewalk as it existed at the time of the accident. Considering these photographs, along with the injured plaintiff's description of the time, place, and circumstance of the injury, the defendants established, prima facie, that the alleged defect was trivial as a matter of law, and therefore, not actionable."); Brown v. Villarba, 2024 NY App. Div. LEXIS 680, 2024 NY Slip Op 00609, 2024 WL 462216 2nd Dept. (2024) (affirming summary judgment where " the defendants submitted, inter alia, the transcripts of the plaintiff's testimony from a hearing pursuant to General Municipal Law § 50-h and her deposition testimony as well as a photograph of the allegedly defective sidewalk.").
Here, Defendants satisfied their prima facie burden with Plaintiff's testimony of "the [*2]perfect picture,"[FN1]
where he was able to mark "exactly"[FN2]
where he fell and provided a description of the time, place, and circumstance of the injury.[FN3]

It is uncontroverted that Plaintiff caught "the tip of [his] foot,"[FN4]
on sidewalk that "was raised up,"[FN5]
on a "sunny day,"[FN6]
the pavement was "dry,"[FN7]
there was no one walking near him, and his vision was unobstructed, in a location that he was familiar with and had previously walked.[FN8]
 This uncontroverted testimony, inter alia, warrants a decision consistent with controlling precedent that such evidence supports a finding of triviality as a matter of law. Balbo v. Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1130-3, 2nd Dept. (2023) (affirming grant of summary judgment where "the toe of her right foot got caught in a broken part of the curb, causing her to fall forward. She had previously visited the supermarket many times. At the time of the accident, the weather was clear, dry, and sunny, with the sun at her back the injured plaintiff looked straight ahead, and nothing obstructed her view "); Haber v. CVS Pharmacy, Inc., 217 AD3d 659 2nd Dept. (2023) (affirming grant of summary judgment where "height differential between the sidewalk and the curb was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed occurred in the daytime hours under clear conditions, and there were no crowds that obscured the plaintiff's view of the sidewalk as she traversed it"); Boesch v. Comsewogue Sch. Dist., 146 N.Y.S.3d 503, 503 2nd Dept. (2021) (reversing denial of summary judgment where, "[a]ccording to the plaintiff, at the time she stubbed her toe on the 'little lip' in the sidewalk and fell to the ground, it was a clear day, she was looking straight ahead, and no one was walking near her.").
Upon review of the instant photographs and descriptions of the accident contained in Plaintiffs deposition testimony, any perceived "height differential between the...sidewalk was physically insignificant and that the characteristics of the defect or surrounding circumstances did not increase the risks it posed." Boesch at 503; see also Baldasano at 934.
In opposition, Plaintiff failed to present evidence raising a genuine triable issue of fact. Zuckerman v. City of New York, 49 NY2d 557, 560 (1980). Plaintiff presented an Affirmation [FN9]
by counsel which proffered conclusory assertions regarding the defect unsupported by the record, and which in any event, are not dispositive. Hutchinson v. Sheridan Hill House Corp., 26 NY3d 66, 80, (2015) ("the abruptness of the projecting edge, the alleged irregularity of its shape, and its rigidity and firm insertion into the sidewalk—are not dispositive, being true of many contours in a sidewalk "). Zuckerman at 562 ("mere conclusions unsubstantiated allegations or assertions are insufficient" to oppose summary judgment).
Plaintiff also provides an affidavit alleging that the defect was raised approximately 1-2 [*3]inches. However, in the absence of a stated basis for such estimation given over five (5) years after the accident, such testimony is speculative and cannot be properly considered by the Court. Segarra v. All Boroughs Demolition & Removal, 284 AD2d 321, 2d Dept. (2001). (See also Everhome Mtge. Co. v. Aber, 195 AD3d 682, 682 2d Dept. [2021]).
Lastly, Plaintiff proffered testimony from Defendant's representative regarding a photograph from years prior to the accident, in a location not established to be that of the subject defect, and said photograph was not submitted for the Court's consideration.[FN10]

Moving Defendants established their prima facie entitlement to summary judgment and Plaintiff failed to raise a genuine triable issue of fact.
It is ORDERED, that Defendants Wykcoff Supermarket Association, Inc., 452 Wyckoff Holdings, LLC., Bogopa, Inc. d/b/a/ Food Bizarre's motion to for summary judgment is GRANTED and Plaintiff's Complaint is dismissed as to these Defendants.
It is further ORDERED, that any crossclaims brought by the City Defendants against the Wyckoff Defendants are dismissed.
It is further ORDERED, that the Third-Party Action (having been brought by Third-Party Plaintiffs/moving Defendants impleading Third-Party Defendants as it relates to Plaintiff's now dismissed complaint against moving Third-Party Plaintiffs/moving Defendants) is dismissed by operation of law and deemed moot.
This constitutes the Decision and Order of the Court.
Date: July 10, 2024
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No. 133 at pg. 32 ¶13.

Footnote 2:Id. at pg. 34 ¶19.

Footnote 3:NYSCEF Doc No. 128 at pgs. 12-27.

Footnote 4:Id. at pg. 20 ¶¶2-5.

Footnote 5:Id. at pg. 19 ¶¶21-25.

Footnote 6:Id. at pg. 12 ¶¶18-20.

Footnote 7:Id. at pg. 12 ¶25-pg. 13 ¶2.

Footnote 8:Id. at pg. 14 ¶¶20-23, pg. 18 ¶24- pg.19 ¶ 2.

Footnote 9:NYSCEF Doc No. 149

Footnote 10:NYSCEF Doc No. 152 pgs. 91-105