Mammina v State of New York (2024 NY Slip Op 04129)

Mammina v State of New York

2024 NY Slip Op 04129

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-05785

[*1]Deanna Mammina, appellant,
v
State of New York, respondent. (Claim No. 130403)

Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Linda Marie Boswell of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale, Eric R. Haren, and Andrea Trento of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated July 12, 2021. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
The claimant commenced this claim to recover damages for personal injuries she allegedly sustained when, on October 29, 2016, she allegedly tripped and fell as a result of a height differential on the edge of brick pavers abutting a patch of asphalt that was part of a paver walkway outside the Social and Behavioral Sciences building at the State University of New York at Stony Brook. The defendant moved for summary judgment dismissing the claim, contending, inter alia, that the alleged height differential in the walkway was trivial and not actionable. In an order dated July 12, 2021, the Court of Claims granted the motion. The claimant appeals.
"'Generally, the issue of whether a dangerous or defective condition exists depends on the particular facts of each case, and is properly a question of fact for the jury'" (Balbo v Greenfield's Mkt. of Bethpage, LLC, 216 AD3d 1130, 1130-1131, quoting Losito v JP Morgan Chase & Co., 72 AD3d 1033, 1033). However, "[a] property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Haber v CVS Pharmacy, Inc., 217 AD3d 659, 659; see Trincere v County of Suffolk, 90 NY2d 976, 977). "'A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 659, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (id. at 660, quoting Trincere v County of Suffolk, 90 NY2d at 978). "There is no 'minimal dimension test' or 'per se rule' that the condition must be of a certain height or depth in order to be actionable" (id., quoting Trincere v County of Suffolk, 90 NY2d at 977). "'Photographs which fairly and accurately represent the [*2]accident site may be used to establish that a defect is trivial and not actionable'" (id., quoting Schenpanski v Promise Deli, Inc., 88 AD3d 982, 984).
Here, the defendant submitted, among other things, the transcript of the deposition testimony of the claimant and photographs of the paver walkway, which established, prima facie, that the height differential on the brick pavers where the claimant fell was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks it posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80; Brown v Villarba, 224 AD3d 652, 653). The claimant testified at her deposition that she had walked on the walkway on her way to class many times in the past, that she had previously noticed broken surfacing in the general area where she fell and that this surfacing did not cause a problem until the day of the accident, that she had never tripped or fallen on the walkway before, and that she did not notice the elevation in the walkway. The claimant also testified that nothing obstructed her view of the walkway, that nobody was in front of her or next to her while she was walking before she fell, that she was not carrying anything particularly heavy or bulky at the time of the accident, that the weather conditions were sunny and clear with no precipitation on the ground, and that she merely stubbed her toe on a ridge of the brick pavers (see Haber v CVS Pharmacy, Inc., 217 AD3d at 660; Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896). In opposition, the claimant failed to raise a triable issue of fact. The affidavit of the claimant's safety expert was speculative and insufficient to defeat the defendant's motion for summary judgment (see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 684; Moses v T-Mobile, 106 AD3d 967, 968). That expert's on-site inspection of the accident location was conducted approximately four years after the accident, and there was no showing that the alleged area measured and examined by the expert was in the same condition as it was on the date of the accident (see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d at 684).
Accordingly, the Court of Claims properly granted the defendant's motion for summary judgment dismissing the claim.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court