Brothers v Nisan Maintenance Corp. (2024 NY Slip Op 05323)

Brothers v Nisan Maintenance Corp.

2024 NY Slip Op 05323

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-02476
 (Index No. 512596/15)

[*1]Joy Brothers, appellant, 
v
Nisan Maintenance Corp., respondent.

Morrison & Wagner, LLP, New York, NY (Eric H. Morrison of counsel), for appellant.
Kiernan Trebach, New York, NY (Steven H. Rosenfeld, Gail L. Ritzert, and Afaf Sulieman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated September 8, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On August 16, 2015, at approximately 4:00 p.m., the plaintiff allegedly was injured when she tripped and fell as a result of a height differential between two sidewalk flags abutting a residential property located in Brooklyn and owned by the defendant. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries. In October 2018, the defendant moved for summary judgment dismissing the complaint. By order dated September 8, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Absent exceptions not relevant here, "Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner. That section imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property" (Scuteri v 7318 13th Ave. Corp., 150 AD3d 1172, 1173 [citations omitted]). "Generally, the issue of whether a dangerous or defective condition exists on [a] property . . . depends on the facts of each case and is a question of fact for the jury" (Dingman v Linchris Hotel Corp., 201 AD3d 704, 704-705). "However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip" (Cabezas v Ramos, 173 AD3d 1131, 1131, citing Trincere v County of Suffolk, 90 NY2d 976, 977). In other words, "if a defect is so slight that no careful or prudent person would reasonably anticipate any danger from its existence, and yet an accident occurs that is traceable to the defect, there is no liability" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 81 [alterations and internal quotation marks omitted]). "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to [*2]establish an issue of fact" (id. at 79). "There is no minimal dimension test or per se rule that the condition must be of a certain height or depth in order to be actionable" (Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896 [internal quotation marks omitted]). Instead, "[i]n determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity[,] and appearance of the defect along with the time, place[,] and circumstance of the injury" (Milewski v Washington Mut., Inc., 88 AD3d 853, 855-856 [internal quotation marks omitted]). This analysis may include, for example, consideration of the weather and lighting conditions in the area, the plaintiff's familiarity therewith, the extent to which the area may have been crowded, and whether the alleged defect was otherwise obscured or concealed at the time of the accident (see Haber v CVS Pharmacy, Inc., 217 AD3d 659, 660; Easley v U Haul, 166 AD3d 852, 853; Kam Lin Chee v DiPaolo, 138 AD3d 780, 782-783). "Photographs that are acknowledged to fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 83 [internal quotation marks omitted]).
Here, in support of its motion, the defendant submitted, inter alia, the affidavit of a "certified safety professional," the defendant's purported expert. The plaintiff correctly contends that the expert's affidavit was insufficient to establish that no actionable defect existed at the time of the accident, to the extent the expert's opinions were based upon inspections that occurred approximately three years postaccident and after repairs were made to the sidewalk (see Simos v Vic-Armen Realty, LLC, 161 AD3d 1023, 1025; Hahn v Wilhelm, 54 AD3d 896, 898). However, the defendant also submitted in support of its motion the plaintiff's bill of particulars, transcripts of her deposition testimony, and photographs of the subject sidewalk. At her deposition, the plaintiff testified, among other things, that the weather was "nice" on the date of the alleged accident, that she lived near the area where she purportedly fell and had traversed the sidewalk before, and that the defect was not obscured. The defendant therefore established, prima facie, that the alleged defect was "physically insignificant and that the characteristics [thereof] or the surrounding circumstances did not increase the risks it posed" (Boesch v Comsewogue Sch. Dist., 195 AD3d at 896; see Haber v CVS Pharmacy, Inc., 217 AD3d at 660; Kam Lin Chee v DiPaolo, 138 AD3d at 782-783). In opposition, the plaintiff's expert failed to raise a triable issue of fact, and the plaintiff otherwise offered no evidence tending to show that the alleged defect was actionable. Therefore, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court