Betances v Healthcare Trust of Am., Inc. (2026 NY Slip Op 01482)

Betances v Healthcare Trust of Am., Inc.

2026 NY Slip Op 01482

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09577
 (Index No. 59234/21)

[*1]Maria Betances, appellant, 
vHealthcare Trust of America, Inc., et al, respondents.

Law Offices of Thomas C. Peterman, PLLC (Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (Scott W. Driver of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 27, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained when she tripped and fell on a raised concrete flag on a walkway leading to the rear entrance of her office building. After discovery was complete, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the alleged defect in the walkway was trivial and not actionable as a matter of law. In an order dated July 27, 2023, the Supreme Court granted the defendants' motion on the ground that the alleged defect was trivial as a matter of law. The plaintiff appeals.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; see Rubin v Sivan Merrick, LLC, 235 AD3d 789, 790; Abreu v Pursuit Realty Group, LLC, 232 AD3d 751, 752). "There is no minimal dimension test or per se rule that the condition must be of a certain height or depth in order to be actionable" (Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896 [internal quotation marks omitted]). Instead, "[i]n determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity[,] and appearance of the defect along with the time, place[,] and circumstance of the injury" (Milewski v Washington Mut., Inc., 88 AD3d 853, 855-856 [internal quotation marks omitted]). "Photographs that are acknowledged to fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 83 [internal quotation marks omitted]; see Abreu v Pursuit Realty Group, LLC, 232 AD3d at 752; Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 213).
Here, the evidence submitted by the defendants, including, among other things, a transcript of the plaintiff's deposition testimony, as well as unchallenged and distinct photographs of the allegedly defective walkway condition as it existed on the date of the accident, was sufficient to establish, prima facie, that the height differential of the walkway flag was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80; Melia v 50 Ct. St. Assoc., 153 AD3d 703, 704; Baldasano v Long Is. Univ., 143 AD3d 933, 934). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court