Rosario v Wyckoff Supermarket Assoc., Inc.
2026 NY Slip Op 02860
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wellington Reynoso Rosario, appellant,
v
Wyckoff Supermarket Assoc., Inc., et al., respondents, et al., defendants (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2024-09280, (Index No. 516555/19)
Lara J. Genovesi, J.P.
Linda Christopher
Lillian Wan
Donna-Marie E. Golia, JJ.

Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant.
Bell Law Group, PLLC, Syosset, NY (Jonathan A. Tand and Jaclyn Bronzo of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated July 10, 2024. The order granted the motion of the defendants Wyckoff Supermarket Assoc., Inc., 452 Wyckoff Holdings, LLC, and Bogopa, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Wyckoff Supermarket Assoc., Inc., 452 Wyckoff Holdings, LLC, and Bogopa, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them is denied.
In December 2018, the plaintiff, while walking on a public sidewalk abutting certain premises located in Brooklyn, allegedly tripped and fell due to a misleveled portion of the sidewalk. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants Wyckoff Supermarket Assoc., Inc., 452 Wyckoff Holdings, LLC, and Bogopa, Inc. (hereinafter collectively the defendants), alleging, inter alia, that the defendants were negligent in their maintenance of the area where the accident occurred. Subsequently, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, contending that the condition at issue was trivial and not actionable. In an order dated July 10, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
In a trip-and-fall case, a defendant may not be held liable for trivial defects not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (see Trincere v County of Suffolk, 90 NY2d 976, 977; Haber v CVS Pharmacy, Inc., 217 AD3d 659, 659). "'A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risk it poses'" (Haber v CVS Pharmacy, Inc., 217 AD3d at 659, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "Only then does the burden shift to the [*2]plaintiff to establish an issue of fact" (Clarke v 90 S. Park Owners, Inc., 228 AD3d 722, 723 [internal quotation marks omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79). Generally, the issue of whether a dangerous or defective condition exists on property depends on the facts of each case and is a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d at 977; Brown v Villarba, 224 AD3d 652, 652).
In determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the "'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Burtis v Town of Hempstead, 237 AD3d 885, 887, quoting Snyder v AFCO Avports Mgt., LLC, 232 AD3d 209, 213). There is no "minimal dimension test" or "per se rule" that the condition must be of a certain height or depth in order to be actionable (Clarke v 90 S. Park Owners, Inc., 228 AD3d at 723 [internal quotation marks omitted]). Photographs that "'are acknowledged to fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable'" (Rubin v Sivan Merrick, LLC, 235 AD3d 789, 790, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d at 83). When "deciding in a given case whether photographs may sufficiently show triviality without objective measurement, it depends on what the photographs depict" (Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 214). The "persuasiveness of photographs will depend on what reasonable inferences regarding the alleged defect may be drawn from them" (id. at 215).
Here, the evidence submitted by the defendants, including, among other things, a transcript of the plaintiff's deposition testimony and photographs of the allegedly defective sidewalk condition, was insufficient to establish, prima facie, that the height differential was physically insignificant and that the characteristics of the defect or the surrounding circumstances did not increase the risks the alleged defect posed (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79-80). The evidence submitted did not include objective measurements of the dimensions of the defect, specifically, the height of the allegedly misleveled portion of the sidewalk. The evidence further failed to sufficiently quantify or estimate the dimensions of the defect. The plaintiff identified the photographs as fairly and accurately representing the allegedly defective sidewalk condition as it existed on the date of the accident. While the photographs demonstrated the irregular nature of the sidewalk (see Mazza v Our Lady of Perpetual Help R.C. Church, 134 AD3d 1073, 1075), it is impossible to ascertain or reasonably infer the extent of the defect from the photographs submitted (see Snyder v AFCO Avports Mgt., LLC, 232 AD3d at 211-214; Grundstrom v Papadopoulos, 117 AD3d 788, 789).
Accordingly, the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Nesbitt v Advanced Serv. Solutions, 224 AD3d 841, 844-845).
GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court